The Honorable Bill Gwatney State Senator P.O. Box 156 Jacksonville, AR 72076-0156
Dear Senator Gwatney:
You have requested an opinion on the following questions regarding the Arkansas Freedom of Information Act ("FOIA"):
 1. Currently there are 15 members serving on the Pulaski Quorum Court. While they are aware of the `public meeting' rule under the FOIA, they are not sure as to how many members constitute a `public meeting,' thereby requiring notification to the media of such event.
 2. I would like a clarification on what would be in violation of the FOIA's `public meeting' rule pertaining to board members, i.e.:
 a) Is it permissible for two (2) quorum court members to speak on the telephone or play golf?
 b) Would it be permissible for three (3) quorum court members to meet for lunch?
 c) How many members of the quorum court could get together under these circumstances and it not be considered a `public meeting?'
RESPONSE
Please note that I have enclosed a copy of Attorney General Opinions99-018 and 2000-096, which address most of these questions. I will not restate the substance of these opinions, except to reiterate that the question as to how many members must be present to constitute a "meeting" cannot be satisfactorily addressed in the hypothetical. As stated in the FOIA Handbook (9th ed. 1999) at page 16, "[t]his question will turn on the facts of each case." Until the Arkansas Supreme Court is squarely faced with the question, or the legislature clarifies this issue, there can be no hard and fast rule that two members of a governing body either do or do not always make a meeting under the FOIA.
Question 1 — Currently there are 15 members serving on the Pulaski QuorumCourt. While they are aware of the `public meeting' rule under the FOIA,they are not sure as to how many members constitute a `public meeting,'thereby requiring notification to the media of such event.
See enclosed opinions.
Question 2 (a) — Is it permissible for two (2) quorum court members tospeak on the telephone or play golf?
See enclosed opinions regarding telephone conversations. With regard to quorum court members playing golf, as was emphasized in the enclosed opinions, the number is not controlling. Certainly, in my opinion, social relationships between and among members of governing bodies is to be expected, and the FOIA should not be construed to interfere with or prevent those relationships. Accord, J. Watkins, The Arkansas Freedom ofInformation Act (3rd ed. 1998) at 278, n. 18. As a general matter, therefore, it is my opinion that members of a quorum court may play golf without this constituting a "meeting" under the FOIA, assuming that any discussion of public business is "intermittent and incidental to [the] social function[.]" Op. Att'y Gen. 95-020. It must be recognized, however, that as stated by one recognized commentator on the FOIA, "a social function that is used as a device to circumvent the FOIA should be treated as a violation of the act." J. Watkins, The Arkansas Freedom ofInformation Act (2nd ed. 1994) at 236.
Question 2 (b) — Would it be permissible for three (3) quorum courtmembers to meet for lunch?
Assuming that this is a social gathering and that any discussion of governmental business is "intermittent and incidental to [the] social function," it is my opinion that the FOIA will not apply.See generally Op. Att'y Gen. 95-020 (copy enclosed).
Question 2 (c) — How many members of the quorum court could get togetherunder these circumstances and it not be considered a `public meeting?'
I reiterate that until either the Court or the General Assembly squarely addresses the matter, the number of members in attendance is not dispositive. Rather, in my opinion, the question will focus on the facts in each case and specifically whether the facts suggest the circumvention of the FOIA.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosures